UNITED STATES v. TAFFE et al.

(District Court, D. Oregon. March 23. 1898.)

1. CONSPIRACY—INDICTMENT—SUFFICIENCY OF AVERMENTS.
    The averment, in an indictment under Rev. St. § 5440, that defendants conspired to commit the "offense of corruptly endeavoring to influence a petit jury of the circuit court of the United States for the district of Oregon in the discharge of its duty," is insufficient, because it omits any averment of facts constituting the offense for which the conspiracy was formed, by which it can be identified.

2. SAME.
    An allegation in such an indictment that the defendants intended to influence the jury to return a large verdict in a case brought by the United

86 F.—8

States to condemn a right of way is insufficient, in failing to state facts showing that the effect of what was intended would have been to defraud the United States.

Daniel R. Murphy, U. S. Atty. when the indictment was filed.

John H. Hall, U. S. Atty., and Julius C. Moreland, Spec. Asst. U. S. Atty., upon the trial and on motion in arrest of judgment.

Rufus Mallory and Chester V. Dolph, for defendant Taffe.

Henry E. McGinn and Geo. C. Stout, for defendant Killfeather.

BELLINGER, District Judge. This is an indictment for conspiracy, under section 5440 of the Revised Statutes of the United States. The indictment contains two counts. The first count is for conspiring to "commit an offense against the United States, to wit, the offense of corruptly endeavoring to influence a petit jury of the circuit court of the United States for the district of Oregon in the discharge of its duty." The second count is for conspiring "to defraud the United States" "by corruptly endeavoring to influence a petit jury of the circuit court of the United States for the district of Oregon in the discharge of its duty in a certain cause then pending in said court, wherein the United States was plaintiff and I. H. Taffe was defendant, the object of which said action was to condemn a certain right of way for a proposed boat railway through the lands of the said I. H. Taffe, and to have said jury, by means of corrupt influence, return a large verdict in favor of said I. H. Taffe in said cause; that on the trial of said cause in said court said Edward Killfeather and said S. C. Bratton were duly sworn as jurors to try said cause." The acts alleged to have been done in furtherance of the conspiracy are the same in both counts. They consist in the execution and delivery by Taffe of two promissory notes, for $2,500 each, to Bratton and Killfeather, respectively, and the payment of $10 in money to Killfeather. Bratton and Walker entered pleas of guilty, and became witnesses for the United States against the other defendants, who were found guilty on the trial under both counts in the indictment, and who now move in arrest of judgment, and for a new trial, on the ground that the matters and things charged in the indictment do not constitute offenses against the United States.

There is no such crime under the statute as that of corruptly endeavoring to influence a "jury." The offense intended to be charged is that of endeavoring to corruptly influence "jurors," and unless the word "jury," in the indictment, is construed to mean "jurors," the objection that is made upon this ground will be a fatal one. But, with this construction, the objection that the indictment is insufficient because it fails to state the facts relied upon as constituting the offense which the conspiracy had for its object, remains. The allegation in the first count, that the object of the conspiracy was to commit the offense of corruptly endeavoring to influence a petit jury of the circuit court of the United States for the district of Oregon in the discharge of its duty, omits any description of the offense for which the conspiracy was formed, by which it can be identified. Every offense consists of certain acts done or omitted under certain circumstances; and in the indictment for the offense it is not sufficient to charge the accused generally with having committed the offense, but all the circumstances

constituting the offense must be specially set forth. Archb. Cr. Pl. (15th Ed.) 43. In the case of U. S. v. Cruikshank, 92 U. S. 558, where there was an indictment for conspiracy and a verdict against the defendants, it is laid down as an elementary principle of criminal pleading that when the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species,—it must descend to "particulars." While the case referred to was not for a conspiracy to commit an offense, and while the general rule is that the same certainty is not required in setting forth the offense which the conspiracy was formed to commit that is required in other cases, yet the guiding principle is the same. The difference in the cases is one of degree merely as to the certainty with which the facts constituting the offense are required to be stated. In any case facts must be stated with such certainty as will suffice to apprise the defendant of the particular case he is to meet, and enable him to plead the judgment in bar of a second prosecution for the same offense. To constitute a good indictment under section 5440, Rev. St., it must charge that the conspiracy was to do some act made a crime by the laws of the United States; and it must state with reasonable certainty the acts intended to be effected or carried out by the agreement of the parties, so that it can be seen that the object of the conspiracy was a crime against the United States. In re Wolf, 27 Fed. 611. In this case the first count contains no averment of facts constituting the offense which the conspiracy was formed to commit. The averment that defendants conspired to commit the offense of corruptly endeavoring to influence a petit jury of the United States in the circuit court of the United States for the district of Oregon does not describe an offense. It states a mere conclusion of the pleader. Nothing is added to the generic terms by which such crime is described, except the statement that the jury was a petit jury, and was in the circuit court of the United States for the district of Oregon. The acts which were intended in this crime, and which are necessary to its commission, are not set forth. There is no particularity of time, or of individuals to be corrupted on the jury, or of the cause to be affected, or of the means to be employed, or of other facts and circumstances by which the defendant may be apprised of the case he is required to meet, and by which he may so identify it as to be able to avail himself of any judgment rendered therein in bar of other prosecutions for the same cause. If, as stated by Mr. Justice Clifford in U. S. v. Cruikshank, "a vague and indefinite description of a material ingredient of the offense is such a failure of compliance with the rules of pleading in framing an indictment that the indictment must be held bad on demurrer or in arrest of judgment," by the stronger reason no judgment of conviction should be pronounced where the indictment is without any description of the offense intended by the conspiracy with which the defendants are charged. And the insufficiency of the indictment in this respect cannot be aided by averments of acts done in furtherance of the object of the conspiracy. 4 Enc. Pl. & Prac. 721, note 1; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542.

The second count in the indictment is insufficient in failing to state

facts showing that the effect of what was intended would have been to defraud the United States. The allegation is that the defendants intended to influence the jury to return a large verdict in a case brought by the United States against Taffe to condemn a right of way across the lands of the latter for a boat railway. It does not appear that a large verdict, if returned, would result in defrauding the United States. For aught that appears, Taffe was entitled to a large verdict. Such was the tendency of the testimony of all of the witnesses in the case. It does not appear what the intended "large verdict" was to be, or that it was to exceed the value of the land condemned. Furthermore, a verdict against the United States in such a case does not involve an obligation on the part of the latter to pay the amount for which the verdict is returned. The verdict merely ascertains the amount required to be paid as compensation for the land taken, if the plaintiff elects to take it.

The attempt to corruptly influence the action of a "jury," assuming that this is in legal effect an averment of an attempt to corruptly influence the action of "jurors," is a crime against justice, punishable under the laws of the United States, and is not the crime of attempting to defraud the United States. But an indictment for a conspiracy having for its purpose the use of criminal means for the accomplishment of an act not in itself criminal must allege facts, in order that the court may see that the means proposed are in fact criminal. Whether the criminal character of what is proposed relates to the object of the conspiracy, or to the means to be employed, the requirement of certainty in the indictment is the same. In this case facts are not alleged from which it may be seen that what was proposed constituted a corrupt endeavor to influence a jury. The allegation that such an endeavor was agreed upon states a mere conclusion of the pleader. It does not appear that the case, though pending, was on trial, except as an inference from the allegation that Bratton and Killfeather were jurors. The case had long been pending, and is now pending for a third trial. Nor does it appear who comprised the jury, nor what jurors were intended to be influenced, and the means or character of such influence. And, as we have already seen, the insufficiency of the indictment is not helped by averments of acts done in furtherance of the conspiracy. The facts appearing on the trial do not tend to sustain the charge of a conspiracy to corruptly endeavor to influence a jury. According to the testimony, there was a meeting of the parties, at which Taffe corrupted Bratton and Killfeather by paying some money, and giving to each a promissory note for $2,500. There was no agreement to endeavor to influence any other juror. The act of corrupting these two jurors does not establish a conspiracy to endeavor to corrupt them. The acts by which the crime is committed cannot be made to constitute a conspiracy for the purpose of endeavoring to commit such crime. The motion in arrest of judgment is allowed.